UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04141-JRS-MPB |
| | ) |
| MERCEDES-BENZ USA, LLC, | ) |
| MIKE RAISOR AUTOMOTIVE GROUP, INC., | ) |
| MIKE RAISOR BUICK GMC CADILLAC, INC., | ) |
| MIKE RAISOR FORD, INC., | ) |
| | ) |
| Defendants. | ) |

**Order on Defendants' Motion to Dismiss**

Plaintiff Jeffrey Turner asserts claims of racial discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and asserts breach of contract and wage claims under Ind. Code § 22-2-5-2.  Turner brings these claims against Defendants Mike Raisor Automotive Group ("MRAG"), Inc.; Mike Raisor Buick GMC Cadillac, Inc. d/b/a Mercedes-Benz of Lafayette ("MBL"); and Mike Raisor Ford, Inc. d/b/a Raisor Common Paymaster ("RCP") (collectively, the "Raisor Defendants"); and Defendant Mercedes-Benz USA, LLC ("MBUSA").

The Raisor Defendants move to dismiss Turner's Second Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted.  (ECF No. 41.)  Defendant MBUSA also moves to dismiss Turner's Complaint.  (ECF No. 46.)

1

For the following reasons, the Raisor Defendants' motion to dismiss is **granted** and Defendant MBUSA's motion to dismiss is **granted**.

## I. Background

Turner is an African American man who worked as a sales manager at the Mercedes-Benz Dealership in Lafayette, Indiana. (2d Am. Compl. ¶¶ 13, 15, ECF No. 38 at 3.) Around 1987, Turner began working for MBUSA. (*Id.* ¶ 11.) In 2001, Turner alleges he then began working at MBL, MRAG, "and/or" RCP.[1] (*Id.* ¶ 12.) And, from July 2015 to October 9, 2017, Turner alleges that MBUSA, MBL, MRAG, "and/or" RCP employed him to work at the Lafayette dealership. (*Id.* ¶ 13.) Turner was one of approximately five African American employees working in the MBUSA region and one of the only African Americans working at MBL, MRAG, "and/or" RCP. (*Id.* ¶¶ 14–15.)

In September 2017, Turner alleges that Mike Raisor, the owner of MBL, MRAG, "and/or" RCP, used the phrase "n****r scalping" in front of Turner, which immediately offended him. (*Id.* ¶¶ 18–19.) Turner also alleges that Raisor frequently used the term "n****r" and called Turner his "favorite n****r." (*Id.* ¶¶ 20–21.) Turner complained to MBUSA about Raisor's multiple uses of the word "n****r" and MBUSA reached out for comment. (*Id.* ¶¶ 22–23.)

Turner alleges that MBL, MRAG, "and/or" RCP began retaliating against him. On October 9, 2017, Bret Raisor, the owner of MBL, MRAG, "and/or" RCP,[2] accused

---

[1] Turner uses the "and/or" conjunction throughout his Second Amended Complaint. The Court will later address Turner's use of the conjunction. (*See infra* Section III.B.)
[2] Turner alleges that Bret Raisor is the owner of MBL, MRAG, "and/or" RCP; however, Turner also alleges that Mike Raisor is the owner of MBL, MRAG, "and/or" RCP. It is unclear from the face of the

2

Turner of "running his mouth" at an official meeting and then asked Turner to leave the meeting. (*Id.* ¶¶ 25–27.) Turner then alleges that MBUSA, MBL, MRAG, "and/or" RCP terminated him. (*Id.* ¶ 29.) Turner claims he was terminated in retaliation for his complaint to MBUSA and that he was replaced by a less or similarly qualified white candidate.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). The court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[I]f a plaintiff pleads facts that show its suit [is] barred . . . , it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (quoting *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (on a motion to dismiss "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim'") (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)).

---

complaint who owns which dealership or whether they are co-owners of one, two, or all three dealerships.

### III. Discussion

Defendant MBUSA and the Raisor Defendants both move to dismiss Turner's claims for failure to state a claim upon which relief can be granted.

*A. Who Employed Turner?*

Turner alleges that MBUSA, MBL, MRAG, "and/or" RCP employed him. Turner must prove the existence of an employment relationship to maintain a Title VII action. *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). The same is true if Turner hopes to maintain a Section 1981 claim, because "the methods of proof and elements of [a Section 1981] case are essentially identical" to those in a Title VII Case. *Morgan v. SVT, LLC*, 724 F.3d 900, 995 (7th Cir. 2013) (quoting *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009)). Therefore, the Court does not need to separately discuss Turner's Section 1981 theory. *See Morgan*, 745 F.3d at 995.

Turner's use of the "and/or" conjunction makes it unclear who employed him. Turner can show that two or more of the defendants employed him if a joint employment relationship exists. To determine if a joint employment relationship exists, the Court must apply an economic realities test. *Frey v. Coleman*, 903 F.3d 671, 676 (7th Cir. 2018). In doing so, the Court considers:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Knight*, 950 F.2d at 378–79. The employer's right to control is the most important factor. *Frey*, 903 F.3d at 676.

There is no indication from the face of the Complaint that MBUSA employed Turner. Turner claims that his employment contract, which he attached to his Complaint, proves that MBUSA employed him. "In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). "Rule 10(c) provides, however, '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (quoting Fed. R. Civ. P. 10(c)). Here, Turner's employment contract does not show that MBUSA had any control or supervision over him, does not show that MBUSA offered him any form of payment or benefits, and does not show that MBUSA had any responsibility over him. Indeed, the name "Mercedes-Benz USA, LLC" is not found in the contract. Moreover, Turner alleges that he began working at MBUSA in 1987 but was then hired to work at MBL, MBUSA, MRAG, "and/or" RCP from July 2015 to October 2017. Turner's "and/or" conjunction makes it unclear who employed him; but, drawing all reasonable inferences in his favor, it is plausible that MBL employed him. Still, Turner has failed to plausibly allege that MBUSA employed him, or that a joint employment relationship exists, at all times relevant and material in this case.

The same is true for MRAG and RCP. Turner, again, alleges that the single employment contract he provided also proves that MRAG "and/or" RCP employed him. As is the case with MBUSA, Turner's employment contract does not show that MRAG

or RCP had any control or supervision over him, does not show that MRAG or RCP offered him any form of payments or benefits, and does not show that MRAG or RCP had any responsibility over him.  Therefore, even drawing all reasonable inferences in Turner's favor, Turner fails to allege that MRAG or RCP employed him, or that a joint employment relationship exists between MBUSA, MRAG, and RCP.

The name " Mercedes-Benz of Lafayette" is likewise not specifically mentioned in the contract attached to the Complaint.  It is plausible, however, that MBL employed Turner in consideration of other information.  Turner's employment contract is titled "Mercedez Benz Sales Manager Pay Plan," and Turner admits that he was employed as a sales manager of the Mercedez-Benz Dealership in Lafayette, Indiana (i.e., MBL).  (2d Am. Compl. ¶ 13, ECF No. 38 at 3.)  Turner also states that Mike Raisor is an owner of MBL, and that Mike Raisor used racist language in front of Turner; for example, referring to Turner as his "favorite n****r."  Moreover, Turner alleges that Bret Raisor is an owner of MBL, and Turner's contract shows that Bret Raisor conducts quarterly reviews of the terms of Turner's employment.  Drawing all reasonable inferences in Turner's favor, these facts plausibly state that MBL employed Turner.

  B. *Counts I, II, IV, V, & VI*

Turner fails to allege enough facts to state a plausible claim that MBUSA employed him or that a joint employment relationship exists between MBL, MBUSA, MRAG, and RCP.  Therefore, Turner's Section 1981 claims against MBUSA (Counts I & II) fail, and his hostile work environment claim against MBUSA fails (Count IV).

Also, Turner abandoned his Title VII claims against MBUSA (Counts V & VI) by not raising them in his Second Amended Complaint.

Similarly, Turner fails to allege enough facts to state a plausible claim that MRAG or RCP employed him or that a joint employment relationship exists between MBL, MBUSA, MRAG, and RCP. Therefore, Turner's Section 1981 claims against MRAG and RCP (Counts I & II); claims against MRAG and RCP for hostile work environment (Count IV); and Title VII claims against MRAG and RCP (Counts V & VI) fail.

These claims also fail against MBUSA, MRAG, and RCP because of Turner's use of the "and/or" conjunction. Turner claims the "and/or" conjunction is not fatal to his claims based on *Svigos v. Wheaton Sec., Inc.*, No. 17-cv-04777, 2018 WL 587190, *1 (N.D. Ill. Jan. 29, 2018). Even if this case was binding authority, which it is not, the Court finds it distinguishable. In *Svigos*, the plaintiff brought ERISA claims against two brothers, John and Paul. *Id.* The district court determined that the plaintiff's use of the "and/or" conjunction was not fatal to her claims because her allegations were pleaded "in sufficient detail to satisfy Rule 8, both generally and with respect to John, specifically." *Id.* at *10. Here, Turner fails to allege sufficient or plausible detail about MBUSA, MRAG, and RCP to move beyond the ambiguity presented by his use of the "and/or" conjunction.

Thus, Turner's Second Amended Complaint is so full of contradictions that MBUSA, MRAG, and RCP lack fair notice of the claims against them. *See McCray v. Wilkie*, 966 F.3d 616, 620 (7th Cir. 2020) (A complaint must "give the defendant[s] fair notice of what claim[s] the plaintiff is making and what the basis for [those]

claims [are]."). For example, because Turner uses the "and/or" conjunction, it is unclear who retaliated against Turner, who terminated him, who hired his replacement, who took adverse action against him, or who reduced his commission rate. These examples represent a small number of the contradictions and ambiguities caused by Turner's use of the "and/or" conjunction. Turner, therefore, fails to provide the required notice to MBUSA, MRAG, or RCP.

Conversely, Turner alleges enough facts to state a plausible claim that MBL employed him. Drawing all reasonable inferences in Turner's favor, Turner's alleged claims (Counts I, II, IV, V, & VI) are plausible against MBL. But it is not clear that MBL has fair notice of which of those claims Turner is making against it and what the basis for his claims are. Therefore, Turner will need to provide MBL with fair notice of his claims by clearly alleging claims against MBL. (*See infra.*)

C. Count III

Turner's Seconded Amended Complaint also contains state law claims. Turner alleges a breach of contract claim and a wage claim, under Ind. Code § 22-2-5-2. The Court's jurisdiction on those claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over state law claims that are closely related to the federal claims in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). One exception to rule is when it is "absolutely clear"

how the state law claims should be decided. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).

As a preliminary matter, Turner has abandoned his wage claims against MBUSA and the Raisor Defendants. (ECF No. 54 at 5.) His only remining state law claim is his breach of contract claim. The same deficiencies in Turner's federal claims against MBUSA, MRAG, and RCP doom Turner's state law breach of contract claims against MBUSA, MRAG, and RCP. Turner points to his attached employment contract and claims that MBUSA, MBL, MRAG "and/or" RCP breached his employment contract. Besides Turner not providing MBUSA, MRAG, or RCP with notice of who he alleges breached his contract, the Court has already found that Turner has failed to allege enough facts to state a plausible claim that MBUSA, MRAG, or RCP employed him. MBUSA, MRAG, or RCP could not have breached Turner's employment contract because, on the face of the Complaint, they did not have an employer-employee relationship with him. Thus, drawing all reasonable inferences in Turner's favor, Turner fails to sufficiently allege that MBUSA, MRAG, or RCP breached his employment contract. The remaining state law claim against these entities should therefore be dismissed. It is, however, evident that Turner has plausibly alleged that the employment contract he provided was issued by MBL, and, drawing all reasonable inferences in Turner's favor, these facts show that Turner may have a plausible claim for breach of contract against MBL on the state law claim as well; provided he can allege sufficient facts in a third amended complaint to give fair notice of his federal claim(s) against MBL.

9

There are additional facts in the record, which do not go to the sufficiency of the Complaint and which were not used in the Court's decision but which clear up some of the confusion caused by Turner's use of the "and/or" conjunction in his Second Amended Complaint. An affidavit provided by Terry Holt, the General Manager of MBL, stated that Turner was "solely employed by Mike Raisor Buick GMC Cadillac, Inc." (i.e., MBL). (Holt Aff. ¶ 11, ECF No. 51-1 at 3.) Holt's affidavit also provides business information that shows Mike Raisor is the President of MBL, and Bret Raisor is the Vice President of MBL. (ECF No. 51-1 at 6.) Moreover, Turner filed his Equal Employment Opportunity Commission (EEOC) complaint against MBL. (ECF No. 52-1 at 4–6.) And, the employment contract he provided was signed by Holt and stated that it would be reviewed quarterly by Bret Raisor. (ECF No. 1-1.) These facts tend to show MBL employed Turner and may assist him if he files a third amended complaint.

## Conclusion

For the reasons set forth herein, the Raisor Defendants' motion to dismiss, (ECF No. 41), is **granted** with leave for Turner to amend his Complaint and allege enough facts to state a claim for relief that is plausible on its face against Defendant Mike Raisor Buick GMC Cadillac, Inc d/b/a Mercedes-Benz of Lafayette (i.e., MBL) for Counts I, II, III, IV, V, and VI. Turner's wage claim, under Ind. Code § 22-2-5-2, against MBL has been abandoned and is dismissed. Defendant MBUSA's motion to dismiss, (ECF No. 46), is **granted**. Rule 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme

10

Court has interpreted [Rule 15] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019). Turner may file an amended complaint on or before **October 13, 2020**. Failure to do so will result in a dismissal with prejudice of all counts against MBL.

**SO ORDERED.**

Date:   9/22/2020

                                        JAMES R. SWEENEY II, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution through CM/ECF to all registered counsel of record.