UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY TURNER, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:19-cv-04141-JRS-MG |
| MIKE RAISOR BUICK GMC CADILLAC, INC., | ) |
|       Defendant. | ) |

**Order on Motion to Strike, Motion to Dismiss, and Motion for Attorneys' Fees and Costs**

Plaintiff Jeffrey Turner worked as a sales manager at the Mercedes-Benz of Lafayette ("MBL") dealership. He sued MBL under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and Indiana state law, alleging that MBL discriminated against him because of his race, retaliated against him for complaining of discrimination, and breached his employment contract. Before the Court is MBL's motion to strike, (ECF No. 92), and motion to dismiss and motion for attorneys' fees and costs, (ECF No. 87). For the following reasons, the Court grants MBL's motion to strike and denies MBL's motion to dismiss and motion for attorneys' fees and costs.

**Background**

The Court draws the following facts from the Third Amended Complaint, (ECF No. 63). At the outset, however, the Court dismisses MBL's assertion that since many of Turner's allegations have been "contradictory and inconsistent" across his various

complaints, no reasonable inferences can be drawn from them. (Def.'s Mem. 2–4, 13 n.1, ECF No. 88.)  Once an amended complaint is filed, it "bec[omes] the governing document in the case." *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *see also Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  And on review of a motion to dismiss, the Court must take "all the factual allegations in the complaint as true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).  The Court assesses the operative complaint and MBL's motion to dismiss in accordance with those standards.

Mike Raisor and Bret Raisor own MBL.  (Am. Compl. ¶¶ 17–18, ECF No. 63.) Turner, an African American, worked for MBL from 2011 until his termination in October 2017.  (*Id.* at ¶¶ 12, 14.)  During his employment, he received two "Best of the Best" awards for his job performance.  (*Id.* at ¶ 40.)  He was "the only or one of the only" African Americans employed by MBL.  (*Id.* at ¶ 16.)

In September 2017, Mike Raisor stated that MBL was "n***** scalping" Turner's African American customers, meaning MBL was "systematically overcharging African American customers based on race."  (*Id.* at ¶¶ 19–20.)  Mike and Bret Raisor repeated the n-word multiple times and referred to Turner as their "favorite n*****."  (*Id.* at ¶¶ 21–22.)  The Raisors directed "angry and offensive remarks" about African American football players at Turner during a meeting in which Turner was the only

2

person of color. (*Id.* at ¶ 56.) In another incident, the Raisors told a large group that Turner would disappear if the lights went off, then directed Turner to smile. (*Id.*)

Turner complained about Mike Raisor's multiple uses of the n-word to the broader Mercedes-Benz organization. (*Id.* at ¶ 23.) The organization contacted MBL to investigate; shortly thereafter, MBL lowered Turner's commission. (*Id.* at ¶¶ 24–25.) In a meeting on October 9, 2017, Bret Raisor accused Turner of "running his mouth," which Turner understood as referencing his complaint. (*Id.* at ¶ 27.) That same day, MBL terminated Turner. (*Id.* at ¶ 29.) Turner was replaced with a white employee. (*Id.* at ¶ 30.)

## Legal Standard

To survive a motion to dismiss, a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to include "detailed factual allegations," but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *id.*, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts, however, need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Since Turner included with his complaint a copy of the contract he alleges MBL breached, (ECF No. 63 at 13), the Court may consider it. But to the extent Turner relies on documents from the Equal Employment Opportunity Commission's ("EEOC") investigation into his discrimination complaint, the Court cannot consider those. Therefore, MBL's motion to strike those materials and the portions of Turner's brief that reference those materials, (ECF No. 92), is granted.

## Discussion

In pertinent part, Title VII prohibits an employer from terminating or otherwise "discriminat[ing] against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). It also protects those who report their employer's discriminatory behavior from retaliation for doing so. 42 U.S.C. § 2000e-3(a). Similarly, Section 1981 bars employers from discriminating and retaliating against employees based on race. *Tank v. T-Mobile USA, Inc.*, 758 F.3d 800, 805 (7th Cir. 2014); 42 U.S.C. § 1981(a). The Court considers Turner's Title VII and Section 1981 claims together, as the statutes have "the same liability standards," and refers only to Title VII for simplicity unless otherwise noted. *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 758 (7th Cir. 2020) (quoting *Walker v. Abbott Lab'ys*, 340 F.3d 471, 474 (7th Cir. 2003)).

### A. Hostile Work Environment: Count IV

First, Turner alleges he was subjected to racial harassment. Harassment that is "sufficiently severe or pervasive to alter the terms and conditions of employment is actionable under Title VII as a claim of hostile work environment." *Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 895 (7th Cir. 2016). MBL's response to Turner's hostile environment claim is twofold.

First, MBL asserts that Turner's claim should be dismissed because it fails to "provide sufficient detail to give fair notice to MBL of what type of claim—e.g., tort, statutory, etc.—[Turner] is pursuing." (Def.'s Mem. 7–8, ECF No. 88.) To the extent MBL takes issue because Turner does not specifically state that he is pursuing a claim under Title VII, that argument fails. *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) ("To begin with, we remind parties again that there is no duty to plead legal theories. It therefore does not matter whether the complaint mentioned the Fourth Amendment, the Fourteenth Amendment, or neither, so long as it provided adequate notice of the plaintiff's claim to the defendants."); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) (citation omitted) (noting that *Twombly* and *Iqbal* do not change the fact that all a defendant is owed is "fair notice" of what the "claim is and the grounds upon which it rests"). Not only does Turner's complaint track the elements of a Title VII hostile environment claim, (*see* Am. Compl. ¶¶ 55–59 (noting harassment was "unwelcome" and "severe or pervasive" and that the work environment was objectively and subjectively "hostile and abusive")), but, more importantly, it provided adequate notice of the facts upon which the claim rests.

Turner alleged that he was "subjected to unwelcome" harassment "based on his race." (*Id.* at ¶ 56.) He described multiple incidents in which the n-word was used, references were made to his skin color, and "angry and offensive remarks" about African American athletes were directed at him. (*Id.*) He stated that he was the only African American present when these comments were made and "the only or one of the only" African Americans employed by MBL. (*Id.*, *id.* at ¶ 16.) This is sufficient to provide MBL with fair notice of the claim. *Cf. Bissessur*, 581 F.3d at 603–64 (affirming dismissal of claim for failure to provide adequate notice when complaint "fail[ed] to allege any facts that even remotely relate[d] to" plaintiff's theory and provided "no notice for the basis of" plaintiff's claims "aside from a mere recitation of their elements").

Alternatively, MBL argues that the harassment was not severe or pervasive enough to be actionable. Under Title VII, the harassment must be "so severe or pervasive" as to alter "the conditions of employment" and create "a hostile or abusive working environment." *Smith v. Ill. Dep't of Transp.*, 936 F.3d 554, 560 (7th Cir. 2019).

"The n-word is an egregious racial epithet" that "falls on the more severe end of the spectrum." *Id.* (quoting *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 601 (7th Cir. 2014)). The Seventh Circuit has held that multiple uses of the n-word by a plaintiff's supervisor in the plaintiff's presence, along with other racially offensive comments, could allow a reasonable jury to find a hostile work environment. *See Gates v. Bd. of Educ. of the City of Chi.*, 916 F.3d 631, 638–39 (7th Cir. 2019)

6

(citing cases). "Perhaps no single act can more quickly 'alter the conditions of employment and create an abusive working environment,' than the use of an unambiguously racial epithet such as '[n*****]' by a supervisor in the presence of his subordinates." *Id.* (cleaned up). That is precisely what Turner has alleged. Therefore, he has adequately pleaded a hostile environment claim.

### B. Discrimination: Counts II and VI

Next, Turner alleges that MBL discriminated against him when it reduced his compensation and terminated him. (Am. Compl. ¶ 32.) Under Section 1981, Turner must plead that "but for" his race, MBL would not have taken these actions. *Mir v. State Farm Mut. Auto. Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)).

The allegations that suffice to state a hostile environment claim also support Turner's discrimination claims—Turner was "the only or one of the only" African American employees; the Raisors used the n-word multiple times in his presence and referred to him as their "favorite n*****"; the Raisors referred to Turner's skin color by stating that he would "disappear" if the lights turned off; the Raisors directed offensive remarks about African American athletes at Turner; and the Raisors stated that they had a practice of systematically overcharging African American customers because they were African American. Further, Turner alleges that he was performing satisfactorily, as evidenced by his receipt of two "Best of the Best" performance awards, when he was suddenly terminated and replaced with a white employee. (Am. Compl. ¶¶ 30, 40, ECF No. 63.) He also alleges that employees who were not African

7

American were promoted and given higher commission rates. (*Id.* at ¶¶ 42, 71.) These allegations plausibly suggest that but for Turner's race, he would not have been terminated or had his compensation reduced.

To the extent MBL argues that Turner's Title VII claim fails because Turner has not specifically identified a similarly situated employee who was treated more favorably, the Seventh Circuit has made clear that a plaintiff is not required to do so at the pleading stage. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827, 830 (7th Cir. 2014). Nor is Turner required to somehow disprove MBL's proffered reason for the termination—that Turner was insubordinate—in his complaint. (Def.'s Mem. 12, ECF No. 88.); *see Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019) (noting that "[a] plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss," and must only allege that she suffered an adverse action because of her race). And simply because Turner identified insubordination as MBL's purported justification does not mean he has "pleaded himself out" of his discrimination claims. (Def's Mem. 10, ECF No. 88.) Turner denies being insubordinate, (Am. Compl. ¶ 32, ECF No. 63), and provides allegations that plausibly suggest that he would not have been discriminated against "but for" his race. Therefore, at this stage he has stated racial discrimination claims under both Section 1981 and Title VII.

### C. Retaliation: Counts I and V

Turner also alleges that MBL retaliated against him because he complained about Mike Raisor's multiple uses of the n-word. (Am. Compl. ¶¶ 23–29, 33–37, 60–65, ECF

8

No. 63.) MBL argues that Turner's Section 1981 retaliation claim fails because the allegations are too conclusory, and that the Title VII claim fails because Turner failed to exhaust his administrative remedies. MBL is incorrect on both counts.

    1. <u>Section 1981: Plausible Claim to Relief</u>

To state a retaliation claim, Turner must plausibly allege that he engaged in statutorily protected activity, that he suffered a materially adverse action, and that there is a causal connection between the protected activity and the adverse action. *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017).

Turner alleges that in September 2017, he complained about Mike Raisor's repeated use of the n-word to Mercedes-Benz USA, which then contacted MBL to investigate. (Am. Compl. ¶¶ 19–24, ECF No. 63.) "Shortly thereafter," MBL lowered Turner's commission. (*Id.* at ¶ 25.) At a meeting on October 9, Bret Raisor "accused Turner of 'running his mouth,'" which Turner understood as referring to his complaint. (*Id.* at ¶ 27.) That same day, MBL terminated Turner, despite the fact that Turner had received multiple "Best of the Best" awards and was otherwise performing satisfactorily. (*Id.* at ¶¶ 29, 40.) And not long after that, MBL replaced Turner with a white employee. (*Id.* at ¶ 30.)

These are not "threadbare allegations." (Def.'s Mem. 10, ECF No. 88.) Turner plausibly alleges that he engaged in statutorily protected activity by reporting Mike Raisor's racial slurs, that he suffered a materially adverse action when his commission rate was decreased and he was fired, and a causal connection between the two. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015)

9

(complaining of racially derogatory language is protected activity and termination is a materially adverse employment action); *Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005) *(*"[A]n employer's sudden dissatisfaction with an employee's performance after that employee engaged in a protected activity may constitute circumstantial evidence of causation."); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 533 (7th Cir. 2003) (comments referencing protected activity and a close proximity in time between learning of protected activity and adverse action can raise inference of causation). Therefore, Turner has sufficiently alleged a Section 1981 retaliation claim.

2. Title VII: Exhaustion

"Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges made to the EEOC." *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir. 1995). MBL contends that since Turner did not check the "retaliation" box on the EEOC form or otherwise include allegations suggesting retaliation on the form, the Title VII retaliation claim cannot proceed before the Court. This argument is wrong on two grounds.

First, failure to exhaust administrative remedies is an affirmative defense. *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 849 (7th Cir. 2015); *McCready v. eBay, Inc.*, 453 F.3d 882, 891–92 n.2 (7th Cir. 2006) ("[I]t is incorrect to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense . . . ."). That means Turner's Title VII retaliation claim can be dismissed for failure to state a claim only if it is "clear from the face of the complaint that the affirmative defense applie[s]." *Bibbs*,

618 F. App'x at 849. That standard is not met here—on the contrary, Turner's complaint alleges that he did exhaust. (Am. Compl. ¶ 61, ECF No. 63.)

Even if the Court were to look beyond the Complaint and take judicial notice of Turner's EEOC charge, as MBL advocates, Turner's retaliation claim would still survive. A claim that was not brought in the charges filed with the EEOC can proceed if "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." *Harper*, 45 F.3d at 148 (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). That standard is met here.

Claims "are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Harper*, 45 F.3d at 148 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). Turner's EEOC charge and complaint describe the same conduct and individuals: Mike Raisor's multiple uses of the n-word; Mike Raisor's comment that "[w]e are just n***** scalping them!"; and Turner's sudden termination, without reason, when he had never been disciplined before. *Cf. Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009) (relatedness requirement not met when plaintiff's March 2002 dismissal was based on physical altercation with coworker and July 2003 dismissal was based on noncompliance with arbitration requirements). To be sure, Turner's EEOC charge omits the fact that he reported Mike Raisor's comments and that Bret Raisor accused Turner of "running his mouth" the day Turner was terminated, but "a

11

Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Teal*, 559 F.3d at 691 (quoting *Cheek*, 31 F.3d at 500). The *Jenkins* standard is "a liberal one." *Id.* (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 587, 864 (7th Cir. 1985)).

Similarly, an EEOC investigation exploring Turner's allegations that he was suddenly terminated and that Mike Raisor used the n-word would likely discover that Turner reported Mike Raisor's conduct shortly before he was terminated.

This is simply not a case involving "a separate set of incidents, conduct, and people, spanning over a period of time . . . more than three months prior to [the plaintiff's] termination." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726–27 (7th Cir. 2003). The same facts underlie Turner's claims of harassment, discrimination, and retaliation. *Cf. Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (employer's termination decision was a "separate and distinct act" from a subsequent decision not to rehire; the "two employment decisions [were] wholly independent" and thus not reasonably related). Therefore, the *Jenkins* test is satisfied, and Turner's Title VII retaliation claim may proceed.

### D. Breach of Contract: Count III

Turner's final claim alleges that MBL breached his employment contract by unilaterally reducing his commission rate. (Am. Compl. ¶¶ 45–50.) In support, Turner attaches the purported contract, which states that "[c]ommission for all individual sales will be paid weekly at the rate of 20% of gross after pack." (ECF No. 63 at 13.)

12

To state a claim for breach of contract, Turner must plausibly allege the existence of a contract, MBL's breach of that contract, and damages resulting from the breach. *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012). He has done so. He has plausibly alleged that the document was an offer to pay consideration for his services, which he accepted by working. *See Williams v. Riverside Cmty. Corr. Corp.*, 846 N.E.2d 738, 745 (Ind. Ct. App. 2006) (listing elements of an employment contract). He has also plausibly alleged that MBL breached that contract by unilaterally reducing the 20% commission rate. Finally, he alleged damages—the money lost due to the decreased rate.

MBL counters that no breach occurred because the contract did not contain a provision prohibiting it from making unilateral changes. (Def.'s Reply 7, ECF No. 91.) But modification of a contract requires all of the elements of a contract, including the assent of both parties. *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 770 (Ind. Ct. App. 2010); *Burras v. Canal Constr. & Design Co.*, 470 N.E.2d 1362, 1366 (Ind. Ct. App. 1984). Turner does not allege that he assented to any modification; rather, he alleges that MBL *unilaterally* changed the 20% commission rate. And while "an employer's specific promise to continue to employ an at-will employee may provide valid consideration for an employee's promise to forgo certain rights," *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1132 (7th Cir. 1997), the Court has not been presented with the document lowering Turner's commission, so it cannot determine whether MBL made such a promise in exchange

13

for Turner's acceptance of the decreased commission rate. At this stage, then, Turner has plausibly alleged a breach of contract claim.

### E. Attorneys' Fees and Costs

Finally, MBL moves for attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions against counsel under 28 U.S.C. § 1927 are appropriate when "'counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.'" *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (quoting *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992)).

MBL claims that fees are warranted because Turner filed multiple complaints, filed a premature appeal to the Seventh Circuit, failed to comply with the Court's Order to Show Cause, (ECF No. 67), and continued to pursue a meritless Title VII retaliation claim that was never raised to the EEOC. (Def.'s Reply 2, ECF No. 91.) MBL also notes that its argument for fees and costs is "nearly identical" to the argument that now-dismissed-defendant MBUSA successfully advanced. (*Id.*; *see* Order, ECF No. 78.)

Notably, however, the Court granted MBUSA's motion for attorneys' fees because Turner realleged claims against MBUSA that the Court had previously dismissed,

14

"unreasonably and vexatiously" forcing MBUSA to incur additional fees and costs in defending against those claims. (Order, ECF No. 78 at 8.) Specifically, the Court found that Turner "showed indifference" to the Court's order dismissing his claims against MBUSA; accordingly, the Court determined MBUSA was entitled to excess costs, expenses, and attorneys' fees incurred in opposing Turner's Third Amended Complaint. (Order, ECF No. 78 at 7 (citing *Gronchocinski*, 719 F.3d at 799).) But when the Court dismissed all claims against MBUSA, it specifically gave Turner leave to amend his complaint to allege claims against MBL. (ECF No. 62 at 10.) Thus, the circumstances that warranted an award of fees to MBUSA are not present here.

True, Turner's appeal to the Seventh Circuit was premature—but MBL was not a party to that appeal. (*See* ECF No. 72 at 1 (notice of appeal listing defendants); *see also* Jurisdictional Mem. at 2 n.1, *Turner v. Mercedes-Benz USA, LLC* (7th Cir. 2020) (No. 20-3076) ("Mike Raisor Buick GMC Cadillac, Inc. d/b/a Mercedes-Benz Of Lafayette ("MBL") was not named in the appeal and is not a party to these appellate court proceedings."))

Nor has Turner continued to pursue a "meritless" Title VII retaliation claim; as previously discussed, that claim is viable at least at this stage.

While Turner's attorneys' conduct has not been ideal, and while the Court expects better conduct of counsel in the future, the Court declines to exercise its discretion to require them to satisfy personally MBL's costs, expenses, and attorneys' fees.

15

## Conclusion

MBL's motion to strike, (ECF No. 92), is **granted**. MBL's motion to dismiss and motion for attorneys' fees and costs, (ECF No. 87), is **denied**.

**SO ORDERED**.

Date: 11/29/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties of record via CM/ECF.