UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04141-JRS-MG |
| | ) |
| MIKE RAISOR BUICK GMC CADILLAC, INC. | ) |
| d/b/a MERCEDES-BENZ OF LAFAYETTE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court in this Title VII employment case is Plaintiff Jeffrey Turner's Motion for Rule 37 Sanction, [Filing No. 99], against Defendant Mike Raisor Buick GMC Cadillac, Inc., *dba* Mercedes-Benz of Lafayette ("MBL") for defense witness Mike Raisor's failure to appear at his noticed deposition.

### I.
#### BACKGROUND

Plaintiff originally filed this action in October 2019. [Filing No. 1.] Plaintiff amended his complaint several times, [Filing No. 25; Filing No. 38; Filing No. 63], and the Court, in June 2020, stayed discovery pending the outcome of MBL's motion to dismiss. [Filing No. 60; Filing No. 85.] On March 30, 2021, however, the Court lifted the discovery stay for the limited purpose of enabling Plaintiff to take the deposition of Mike Raisor. [Filing No. 85.] On November 29, 2021, the Court denied MBL's motion to dismiss. [Filing No. 95.]

After the Court lifted the discovery stay on March 30 for Mr. Raisor's deposition, Plaintiff's counsel began emailing defense counsel about scheduling Mr. Raisor's deposition. On April 13, 2021, Plaintiff's counsel emailed MBL's counsel to schedule a call to discuss Mr. Raisor's

deposition. [Filing No. 99-1 at 30.] Plaintiff's counsel followed up on May 10, once again asking counsel to confer about scheduling Mr. Raisor's deposition. MBL's counsel responded that same day asking whether Plaintiff intended to depose Mr. Raisor virtually or in-person, and counsel further stated that he would need to check Mr. Raisor's health status. [Filing No. 99-1 at 31.] On May 20, defense counsel explained in an email that Mr. Raisor was returning to the State of Indiana in late May and that he had follow-up medical treatments starting around June 14 for lung cancer but that he should be able to sit for deposition in late June. [Filing No. 99-1 at 28.]

On May 26, counsel for Plaintiff and MBL agreed on a deposition date of July 1 for Mr. Raisor. [Filing No. 99-1 at 40-41.] Then on June 2, defense counsel asked to move Mr. Raisor's deposition to June 29 because Mr. Raisor was going to begin a new medical treatment in early July. [Filing No. 99-1 at 38.] Receiving no response, defense counsel followed up with this request by email on June 9 and June 14. [Filing No. 99-1 at 36-37.] Plaintiff's counsel responded on June 14 that June 29 did not work and asked MBL's counsel to provide alternative proposed dates for the deposition. [Filing No. 99-1 at 36.] That same date, MBL's counsel responded that he was merely inquiring whether June 29 was available, not that July 1 was no longer an option for Mr. Raisor. [Filing No. 99-1 at 34-35.] However, by Plaintiff's counsel's response on June 15, the date of July 1 was no longer available because Plaintiff's counsel had released the date on his calendar. [Filing No. 99-1 at 33.]

On June 23, defense counsel emailed again and explained that Mr. Raisor was unavailable the entire month of July because of his medical treatments and asked whether Plaintiff's counsel was available the weeks of August 9 and August 16. [Filing No. 99-1 at 31.] On July 6, Plaintiff's counsel responded that he was available August 10, 12, or 17 for Mr. Raisor's deposition. [Filing No. 99-1 at 55.] Defense counsel responded on July 8 confirming the date of August 10 for the

2

deposition. [Filing No. 99-1 at 54-55.] Defense counsel attempted to confirm the August 10 date with Plaintiff's counsel several times during the weeks that followed but received no response from Plaintiff's counsel. [Filing No. 99-1 at 51-54.] On July 29, Plaintiff's counsel informed MBL's attorneys that August 10 no longer worked on his schedule. [Filing No. 99-1 at 50-51.] On August 11, MBL's counsel asked Plaintiff's attorney if he had new proposed dates for Mr. Raisor's deposition. [Filing No. 99-1 at 49.] Receiving no response, defense counsel emailed again on August 25 and September 14 asking Plaintiff to provide new dates. [Filing No. 99-1 at 48-49.]

Plaintiff's counsel finally responded on September 15 with new proposed dates of September 29, October 8, October 12, or October 13. [Filing No. 99-1 at 47-48.] MBL's counsel responded that same day stating that Mr. Raisor's health had declined and therefore "we will need to look at dates in November to allow time for recovery." [Filing No. 99-1 at 47.] Plaintiff's counsel responded the next day with the following dates in November: 1-5, 8, 11, 15-19. [Filing No. 99-1 at 46.] MBL's counsel responded on September 23 asking Plaintiff's counsel to "please hold November 2" but explained that counsel was "still waiting for final confirmation from Mr. Raisor." [Filing No. 99-1 at 46.]

The next day, on September 24, Plaintiff's counsel sent the following email to MBL's attorneys:

> We've been trying to get this scheduled for almost 6 months, so I prepared the attached notice for Nov. 2 to give us a date certain. Hard copy will follow by mail. If Mr. Raisor is unable to attend for medical reasons, we would like supporting documentation from his physician.

[Filing No. 99-1 at 45.] On October 12, MBL's attorneys emailed Plaintiff's counsel and explained that Mr. Raisor had developed an infection and had required hospitalization earlier in the month. Defense counsel stated that "[g]iven [Mr. Raisor's] current health conditions, we will need to delay [his] deposition. Unfortunately, at this time, we cannot predict when [Mr. Raisor] will be fit for a

3

deposition." [Filing No. 99-1 at 58.] Defense counsel further stated that Mr. Raisor was obtaining documentation from his doctor to this effect and that "[w]e can reassess next steps and timing after we get the note from [Mr. Raisor's] provider." [Filing No. 99-1 at 58.]

Plaintiff's counsel did not respond to the October 12 email. Nor did defense counsel provide the medical documentation referenced in the email. On November 2, apparently unbeknownst to defense counsel, Plaintiff's counsel appeared for the deposition and made a record with a court reporter, incurring $122.63 in stenography expenses. [Filing No. 99-1 at 1-17; Filing No. 99-3.]

Plaintiff filed the instant Motion for Sanctions on December 12. Before filing the Motion, Plaintiff email defense counsel on December 6 and asked MBL's counsel to "provide at least one date before the end of the year" for Mr. Raisor's deposition, but MBL's counsel did not respond prior to the filing of this Motion. [Filing No. 101-1 at 1-2.]

## II.
### DISCUSSION

Plaintiff argues that his counsel's understanding following the October 12 email was that Mr. Raisor's November 2 deposition would only be rescheduled if Plaintiff provided adequate medical documentation. [Filing No. 99 at 1; Filing No. 99 at 3.] He further points out that MBL did not seek a protective order for the November 2 deposition. [Filing No. 99 at 1.] Plaintiff also asserts that he needs Mr. Raisor's deposition to prove his claims and that Mr. Raisor "has refused to attend a deposition to testify about [Plaintiff's] employment at [MBL] for nearly one year, regardless of trial procedure or court orders," [Filing No. 99 at 2], and that the Court should infer that Mr. Raisor "will never be produced for a deposition," [Filing No. 99 at 5]. Plaintiff asks the Court to sanction MBL by (1) "hav[ing] the findings of the [Indiana Civil Rights Commission] be established as true facts"; (2) "enter[ing] default judgment against [MBL] on claims of

4

discrimination"; and (3) ordering MBL to reimburse Plaintiff for costs and attorneys' fees relating to the deposition. [Filing No. 99 at 5.]

MBL takes issue with Plaintiff's characterization that Mr. Raisor has been refusing to attend a deposition for a year by pointing out that it was Plaintiff who canceled previously set deposition dates and that it was MBL's counsel who repeatedly initiated communications trying to set a deposition in the summer and early fall. [Filing No. 101 at 2-3.] MBL next contends that defense counsel did not understand Plaintiff's counsel's September 24 email to require medical documentation to reschedule the deposition noticed for November 2 by pointing out that the email phrased it as a request ("would like") rather than using mandatory language. MBL also says that it interpreted Plaintiff's silence following counsel's October 12 email regarding Mr. Raisor's infection and hospitalization as an understanding between the parties that the November 2 was cancelled and that no formal motion was necessary. [Filing No. 101 at 3.] It also says that Plaintiff's lack of response to the October 12 email left MBL's counsel with the impression that Plaintiff did not immediately need medical documentation that MBL's counsel indicated in the email that it was seeking. [Filing No. 101 at 3.]

In reply, Plaintiff contends that the parties' efforts preceding the November 2 notice are irrelevant and that counsel for MBL knew that medical documentation was required to postpone the November 2 deposition. [Filing No. 101 at 2-4.]

The Court's inherent power and Fed. R. Civ. P. 37 provide the Court with broad authority to sanction parties who abuse the discovery process, including for a party's failure to appear for a properly noticed deposition. *See, e.g.*, Fed. R. Civ. P. 37(d)(1)(A). But Fed. R. Civ. P. 37 is not monolithic. Rather, it is informed by local rules and the Court's expectations of lawyers. Thus, the Court will first address its expectations of counsel in discovery and the scheduling of depositions.

5

Under Local Rule 30-1, which incorporates the Standards for Professional Conduct within the Seventh Judicial Circuit, attorneys are to make "a good faith effort to schedule depositions in a manner that avoids scheduling conflicts." S.D. Ind. Loc. R. 30-1. The Seventh Circuit's Standards for Professional Conduct further provides that counsel have a duty to one another to "adhere in good faith to all agreements implied by the circumstances or local customs." Standards for Prof. Conduct within the Seventh Fed. Jud. Cir., *Lawyers' Duties to Other Counsel*, at ¶ 6, *available at* https://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#standards (last accessed Jan. 3, 2022). Counsel are also expected to notify opposing counsel "at the earliest possible time when … depositions … are to be canceled or postponed" to "avoid[] unnecessary travel and expense of counsel." *Id.* at ¶ 16. Finally, counsel must not seek sanctions "without first conducting a reasonable investigation." *Id.* at ¶ 5. These obligations make clear that attorneys are to be forthright and cooperative in communicating about the scheduling of depositions and that gamesmanship by counsel with unwarranted delays or misleading communications has no place in practicing before this Court.

With these conduct standards in mind, the Court turns back to Fed. R. Civ. P. 37 and its purpose, which is both to penalize parties who do not follow the rules and to deter others from abusive conduct. *See Greviskes v. Univ. Research Ass'n, Inc.*, 417 F.3d 752, 758-59 (7th Cir. 2005); *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). Sanctions may be appropriate where the noncomplying party "acted *either* with wilfulness, bad faith *or* fault." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (emphasis original). "Bad faith" is "characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order," whereas "fault" "only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Id.* Fault, however,

is something "more than a mere mistake." *Panwar v. Access Therapies, Inc.*, 2014 WL 820023, at *5 (S.D. Ind. Mar. 3, 2014).

Here, the Court detects no bad faith and finds that the failure to communicate by both parties contributed to the misunderstanding which resulted in a "mere mistake." For MBL's part, counsel should have followed up with the medical documentation so that the parties could, as MBL's counsel put it, reassess "next steps and timing" for Mr. Raisor's deposition. As for Plaintiff, after receipt of the October 12 email and leading into the November 2 deposition, his counsel had an obligation to clarify and communicate Plaintiff's intentions. Given the prior back-and-forth between counsel regarding scheduling and rescheduling the deposition and the amount of time between the October 12 and November 2, an objective reader is certainly left with the impression that the parties understood that Mr. Raisor's deposition was not going forward, at least the circumstances implied as much. Certainly, the Court is left wondering why Plaintiff's counsel did not clarify this prior to November 2 or at least contact the Court pursuant to Local Rule 37-1 regarding the issue.

In any event, the record shows that defense counsel was working in earnest during the summer and early fall to schedule Mr. Raisor's deposition. No one disputes that Mr. Raisor's health condition and related treatments pose some difficulties in scheduling. And the communications combined with silence surrounding the November 2 deposition left defense counsel with the reasonable understanding that the deposition had been postponed. Therefore, the Court **DENIES** Plaintiff's Motion for Sanctions. The parties are reminded of their obligations to be forthright and cooperative in their discovery efforts and communications going forward to avoid leaving opposing counsel with false impressions.

## III.
### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions, [99], is **DENIED**.

Date: 1/4/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**